IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,                    CASE NO. 1:13-cr-1
    Plaintiff,

vs.

SHAWN EMMANUEL CASTOR
    Defendant.
_____/

MOTION TO SUPPRESS STATEMENTS & EVIDENCE

COMES NOW the Defendant, SHAWN EMMANUEL CASTOR, by and through undersigned counsel and pursuant to U.S. Const. Amend. IV and V respectfully requests that this Honorable Court enter an order suppressing the Defendant's involuntarily statement to law enforcement September 23, 2012 and all evidence derived from the search of 7301 University Ave. Apt. 88, Alachua County, Florida.  As grounds therefor Defendant would state the following:

STATEMENT OF FACTS

1. The Defendant, Shawn Emmanuel Castor, was arrested September 23, 2012 following a traffic stop by the Gainesville Police Department (GPD) where officers recovered approximately 2.8 pounds of cannabis.

2. The Defendant was transported from the scene of the traffic stop directly to the Criminal Investigations Division (C.I.D.) of the GPD where he was interviewed by Gainesville Alachua County Drug Task Force (GACDTF) Detective Fred Melaragno. This interview was captured by audio recording.

3. Prior to informing the Defendant of his <u>Miranda</u> rights, Det. Melaragno asked the Defendant whether he still lived at 7301 University Ave. Apt. 88 and the Defendant responded affirmatively.

4. Prior to informing the Defendant of his <u>Miranda</u> rights, Det. Melaragno told the Defendant repeatedly that he could keep him out of jail if he cooperated.

5. Det. Melaragno prefaced his reading of the Miranda rights by stating, "I am going to read them to you so that you are very sure you want to talk to me, at that point in time you can decide whether you want to talk to me."

6. During the post <u>Miranda</u> interrogation, Det. Melaragno told the Defendant that, "If you bought four kilos of cocaine last night, I can't charge you with it."

7. That same day, Det. Melaragno used information from his interview with the Defendant at the CID to obtain a search warrant for 7301 University Ave. Apt. 88, Alachua County, Florida. The Application and Affidavit for Search Warrant stated that:

> Post-Miranda, Shawn Castor told YA: that Shawn Castor had received 10 (ten) pounds of marijuana. Shawn Castor had sold 4 pounds of marijuana, and Shawn Castor had another 3 pounds of marijuana at his residence. Shawn Castor's residence is the location of the premises to be searched.

8. The search of 7301 University Ave. Apt. 88, Alachua County Florida yielded cannabis, cocaine, a firearm, and various other incriminating evidence.

MEMORANDUM OF LAW

The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." <u>U.S. Const. Amend. V</u>. In order for a confession to be admissible it must have been made freely and voluntarily. <u>Bram v. United States</u>, 168 U.S. 532 (1897). The test for determining voluntariness of a confession "is whether the confession was extracted by any sort of threats or violence, or obtained by any direct or

implied promises, however slight, [or] by the exertion of any improper influence." Id.  Although Det. Melaragno explicitly stated that would not promise the Defendant anything, he made it clear that the Defendant could get himself out of jail by cooperating.  The promise in this case is especially significant because immediately after it was made, the Defendant agreed to waive both his right to have an attorney present, and his right to remain silent.

This court must examine the totality of the circumstances surrounding the Miranda waiver to determine if it was made freely, knowingly, and voluntarily. Hart v. AG, 323 F.3d 884 (11th Cir. 2003). At the time the Defendant was interviewed he had been arrested, handcuffed, and transported to the CID for an interview.  The Defendant was not free to leave, and a reasonable person in his situation would understand that they were in custody.  The Defendant's statements before and after the waiver of his Miranda rights indicate that he understood he was being offered a choice between waiving his rights and going to jail. A promise of immediate release, if not kept, is a promise so attractive that it renders a resulting confession involuntary. Streetman v. Lynaugh, 812 F.2d 950 (5th Cir. 1987).

The Due Process clause compels the suppression of evidence derived from an involuntary confession. United States v. Lall, 607 F.3d 1277 (11th Cir. 2010). In this case the Affidavit and Application for Search Warrant explicitly states that the probable cause for the search came from the Defendant's Post-Miranda interview.

WHEREFORE, the Defendant prays that this court grant him an evidentiary hearing and find his statements were made involuntarily and therefore should be suppressed, and that the use of those statements to obtain a search warrant also compels the suppression of the fruits of that search.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic e-mail to Herbert Lindsey, Assistant United States Attorney, by electronic filing this 3rd day of May, 2013.

Respectfully Submitted,

/s/ *Lloyd L. Vipperman, Jr.*
Lloyd L. Vipperman, Jr.
Attorney for Defendant
FL Bar # 0285609
P.O. Box 14321
Gainesville, FL 32604
(352) 377-3454
Fax: (352) 379-2976